UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOUGLAS NELSON,                    )
                                   )
          Petitioner,              )
                                   )
     v.                            )    Criminal Action No. 02-27 (RWR)
                                   )
                                   )
UNITED STATES OF AMERICA,          )
                                   )
          Respondent.              )
                                   )
                                   )

MEMORANDUM OPINION

     Petitioner Douglas Nelson filed this petition for a writ of
habeas corpus under 28 U.S.C. § 2255 (2000) seeking relief from a
sentence imposed after he pled guilty to possession of a firearm
by a convicted felon.  Nelson asserts that his trial and
appellate counsel provided ineffective assistance by failing to
argue that a two-level increase in his base offense level
violated his plea agreement and the principles underlying Blakely
v. Washington, 542 U.S. 296 (2004).  Because Nelson's allegations
fail to meet the threshold showing of ineffective assistance of
counsel, his habeas petition will be denied.

BACKGROUND

     In 2002, Nelson pled guilty to a one-count indictment
charging him with unlawful possession of a firearm and ammunition
by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  In
the plea agreement, the government agreed not to oppose Nelson's

- 2 -

request for a three-level reduction for acceptance of
responsibility, not to seek any offense level increases or upward
departures unless listed in the agreement, and not to oppose a
request that Nelson be sentenced at the low end of the applicable
guidelines range.  (Plea Agr. ¶ 9-10.)  The agreement makes no
mention of the possibility of a two-level increase under U.S.S.G.
§ 3C1.2 for reckless endangerment during flight.  However, the
agreement does say that Nelson understood his sentence would be
"imposed in accordance with the <u>United States Sentencing</u>
<u>Commission's Guidelines Manual</u>" and that "the sentence to be
imposed [was] a matter solely within the discretion of the
Court."  (Plea Agr. ¶ 6.)

     The presentence investigation report ("PSR") prepared for
Nelson's sentencing reported that Nelson attempted to flee from
the police by car just before his arrest, achieving speeds
estimated at 100 miles per hour in the city of Washington.  The
PSR assessed a two-level increase for reckless endangerment
during flight.  At the sentencing on July 31, 2002, the
government took no position on whether the increase should be
applied, and the defense opposed the increase claiming that the
government failed to show that Nelson had created a substantial
risk of death or bodily injury to another person.  Based on facts
in the PSR and facts admitted by Nelson in his plea, the court
imposed a two-level increase under U.S.S.G. § 3C1.2.  With the

-3 -

increase, Nelson's total offense level was 23.  Because Nelson
had a criminal history category of IV, the increase produced a
sentencing guideline range of 70 to 87 months, rather than 57 to
71 months without the increase.  The defendant was sentenced to
75 months.

Nelson appealed this sentence in August 2002, and a new
attorney was appointed.  In July 2003, Nelson's appellate counsel
moved to withdraw.  The D.C. Circuit ordered petitioner to
respond to counsel's motion to withdraw.  Nelson failed to
respond and in December 2003, the D.C. Circuit dismissed his
appeal for failure to prosecute.

In July 2004, Nelson filed this habeas petition, alleging
that he did not receive constitutionally adequate representation.
Nelson first alleges that neither his trial nor appellate counsel
raised an objection based on Blakelv to the two-level increase of
his base offense level for reckless endangerment during flight.
Second, Nelson contends that his trial and appellate counsel
should have raised the objection to the two-level increase that
the increase was not included in his plea agreement.

DISCUSSION

Because petitioner predicates his habeas petition on an
ineffective assistance of counsel claim, Strickland v.
Washington, 466 U.S. 668 (1984), guides the analysis of his
petition.  Under Strickland, a reviewing court must first

- 4 -

determine whether counsel's challenged conduct was unreasonable.
<u>Id.</u> at 690.   Second, the reviewing court must decide whether
prejudice resulted from the ineffective assistance and renders
the final outcome of the case untrustworthy.   <u>Id.</u> at 691492.

I.   REASONABLENESS

Unreasonable attorney conduct is conduct that is 'outside
the wide range of professionally competent assistance." <u>Id.</u>
at 690.   Counsel's conduct is evaluated in light of the totality
of the facts of the case and against the established standard at
the "time of counsel's conduct." <u>Id.</u>   The constitution does not
guarantee the right to clairvoyant counsel.   <u>See</u> <u>United States v.</u>
<u>Harms,</u> 371 F.3d 1208, 1212 (10th Cir. 2004); <u>United States v.</u>
<u>Williams,</u> 838 F. supp. 1, 4 (D.D.C. 1993).

A.   <u>Failure of counsel to object to the two-level increase</u>
<u>based on Blakely</u>

At the time of Nelson's sentencing, <u>Apprendi v. New Jersey</u>,
530 U.S. 466 (2000), was the latest decision issued in the
Supreme Court's line of cases considering the precise reach of
the Sixth Amendment's right to trial by jury.   In <u>Apprendi</u>, the
Court held that "[o]ther than the fact of a prior conviction, any
fact that increases the penalty for a crime beyond the prescribed
statutory maximum must be submitted .to a jury, and proved beyond
a reasonable doubt." <u>Id.</u> at 490.   The D.C. Circuit had
interpreted "statutory maximum" to mean the maximum sentence
allowable under the applicable criminal statute.   <u>See</u> <u>United</u>

- 5 -

States v. Fields, 251 F.3d 1041, 1043-44 (D.C. Cir. 2001).   The
statutory maximum for a violation of 18 U.S.C. § 922(g) (1), the
offense to which Nelson pled guilty, was 10 years.   See 18 U.S.C.
§ 924(a) (2).   Nelson was sentenced to 75 months, well under the
10-year statutory maximum.   Blakely was decided on June 24, 2004,
well after the defendant's sentencing.   Blakely held that the
maximum sentence a judge may impose on a defendant must be based
only on the facts found by a jury or admitted by the defendant,
not based on additional facts found by the judge.   542 U.S. at
303-04.   Because Blakely had not yet been decided when Nelson was
sentenced, no reliance upon Apprendi and Fields by his trial
counsel would have been unreasonable, nor would any failure to
predict that almost 23 months later, Blakely would give rise to
an objection to the two-level increase based on Nelson's Sixth
Amendment right to a jury trial.   Nelson's appellate counsel
likewise would have had no cause to raise as grounds for appeal
in 2002 and 2003 a Blakely-based argument or Nelson's trial
counsel's failure to raise such an argument during sentencing.
Consequently, the failure of Nelson's trial and appellate counsel
to raise objections based on Blakely did not constitute deficient
assistance of counsel that violated Nelson's Sixth Amendment
right to counsel.

- 6 -

B.  <u>Failure of counsel to object to the two-level increase</u>
   <u>based on breach of the plea agreement</u>

No provision of Nelson's plea agreement bound the government

to oppose a two-level increase under § 3C1.2.   The government

promised not to seek such an increase, and it kept that promise.

Nor did the agreement bind the court in any way regarding offense

level adjustments.[1]  Nelson's plea agreement explicitly states

that Nelson understood that his sentence would be imposed in

accordance with the <u>United States Sentencing Commission's</u>

<u>Guidelines Manual,</u> and that the sentence to be imposed was a

matter solely within the discretion of the court.

The application of the two-level increase for reckless

endangerment during flight was not a breach of the plea

agreement.   Consequently, Nelson's trial counsel had no cause to

object to the two-level increase on the basis that it was a

breach of the plea agreement.   Likewise, Nelson's appellate

counsel had no reason to raise the issue on appeal nor any reason

to raise the fact that trial counsel did not bring up the issue.

Accordingly, the failure of Nelson's trial and appellate counsel

to raise objection to the two-level increase as a breach of the

plea agreement did not render their service constitutionally

inadequate.

_____

    [1] This agreement was not entered under Federal Rule of
Criminal Procedure 11(c)(1)(C) (then numbered as 11(e)(1)(C))
which would have bound the court to impose an agreed-upon
sentence.

- 7 -

II.  PREJUDICE

Because neither Nelson's trial nor appellate counsel's conduct was deficient or outside the scope of professionally acceptable representation, it is unnecessary to determine whether the alleged ineffective assistance of counsel prejudiced petitioner.  See Strickland 466 U.S. at 697 (finding that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one").

<u>CONCLUSION</u>

Nelson has not demonstrated that his trial and appellate counsel provided him constitutionally deficient representation. His petition will be denied.  A final order accompanies this Memorandum Opinion.

SIGNED this 30th day of December, 2005.

RICHARD W. ROBERTS
United States District Judge